UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SELAMI DZELILI, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| ERMC PROPERTY MANAGEMENT COMPANY OF ILLINOIS, LLC, | : | |
| | : | |
| Defendant. | : | JUNE 3, 2015 |

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Selami Dzelili, by and through his attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1.      Plaintiff, Selami Dzelili, is a Connecticut citizen residing in the City of Waterbury.

2.      Defendant, ERMC Property Management Company of Illinois, LLC, is a limited liability company organized and existing under the laws of the State of Illinois with a principal place of business located at 6148 Lee Highway, Suite 300, Chattanooga, Tennessee 37421.

3.      At all times material, plaintiff is an employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

4.      At all times material, plaintiff is an employee within the meaning of the Connecticut Fair Employment Practices Act C.G.S. §46a-51 et seq. (CFEPA).

5.      At all times material, defendant is an employer within the meaning of

Title VII and the CFEPA.

## JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

7. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

## GENERAL ALLEGATIONS

8. Defendant employed plaintiff.

9. Plaintiff worked for Defendant in Connecticut. Specifically, Plaintiff worked for the Defendant in connection with Defendant's business account with the Brass Mill Center located in Waterbury, Connecticut.

10. Plaintiff's job title was account manager.

11. Plaintiff was qualified for the job and performed the job satisfactorily.

12. Plaintiff commenced his employment with Defendant on or about March 29, 2013.

13. Plaintiff is Albanian.

14. Plaintiff is Muslim.

15. Defendant was aware during the time it employed Plaintiff that he was Albanian.

16. Defendant was aware during the time it employed Plaintiff that he was Muslim.

17. Plaintiff was initially supervised by Ed Harrison – Defendant's regional manager.

18. Plaintiff was not formally disciplined while under Harrison's supervision.

19. In February 2014, Harrison ceased to be Plaintiff's supervisor.

20. In February 2014, Frank Mongeon became Plaintiff's supervisor.

21. Defendant has a progressive disciplinary policy.

22. Defendant had an open supervisory position.

23. Six (6) internal candidates applied including Lamine Diouf.

24. Plaintiff recommended that Diouf be hired for the open position as he had administrative experience.

25. Mongeon rejected Plaintiff's recommendation.

26. Mongeon told Plaintiff that he did not agree with Plaintiff's recommendation because:

    (a) "He [Diouf] is your kind";

    (b) "Employees here will say to me that you are doing favoritism."

27. Diouf is Muslim.

28. Plaintiff and Mongeon had lunch at the Olive Garden in Waterbury, Connecticut.

29. During lunch, Mongeon asked for Plaintiff's opinion on the Boston marathon bombing.

30. Mongeon commented to Plaintiff: "how come people can do that, you seem nice and respectful".

31. Plaintiff told Mongeon that he did not want to talk about the Boston

3

marathon bombing and instead wanted to talk about work.

32. On March 19, 2014, Mongeon issued a final warning to Plaintiff despite the fact that Plaintiff never received a prior warning.

33. Defendant suspended Plaintiff without pay on April 23, 2014.

34. On April 29, 2014, Defendant terminated Plaintiff's employment.

35. Defendant accused Plaintiff of misconduct and cited willful misconduct as the excuse for the termination.

36. Plaintiff did not engage in willful misconduct.

37. Any and all excuses to be offered by Defendant to explain the termination decision would be a pretext to mask unlawful discrimination.

38. Plaintiff filed charges against defendant on the following date: September 12, 2014, with the Equal Employment Opportunity Commission (EEOC).

39. Plaintiff received a Right To Sue letter from the EEOC on June 1, 2015 (copy attached as Exhibit 1).

40. Plaintiff filed charges against defendant on the following date: September 12, 2014, with the Connecticut Commission on Human Rights and Opportunities (CHRO).

41. Plaintiff received a Release of Jurisdiction from the CHRO on March 23, 2015 (copy attached as Exhibit 2).

## FIRST COUNT
**(National Origin Discrimination In Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

4

42. Defendant, by and through its agents, servants, and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

    a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's national origin;

    b. In that defendant treated the plaintiff adversely different from similarly situated employees on the basis of national origin;

    c. In that defendant discriminated against the plaintiff on the basis of national origin in such a way that it adversely affected his status as an employee;

    d. In that defendant discharged the plaintiff from employment on account of his national origin;

    e. In that defendant intentionally discriminated against the plaintiff on the basis of national origin.

43. As a direct and proximate result of defendant's violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered harms and losses.

44. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his national origin.

45. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

46. As a further result of defendant's discrimination, plaintiff has suffered

emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

47. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

48. The defendant exhibited ill will, malice, improper motive and/or reckless indifference to the plaintiff's civil rights.

## SECOND COUNT
**(Religious Discrimination In Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

49. Defendant, by and through its agents, servants, and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's religion;

   b. In that defendant treated the plaintiff adversely different from similarly situated employees on the basis of religion;

   c. In that defendant discriminated against the plaintiff on the basis of religion in such a way that it adversely affected his status as an employee;

   d. In that defendant discharged the plaintiff from employment on account of his religion;

6

  e. In that defendant intentionally discriminated against the plaintiff on the basis of religion.

50. As a direct and proximate result of defendant's violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered harms and losses.

51. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

52. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

53. As a further result of defendant's discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

54. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

55. The defendant exhibited ill will, malice, improper motive and/or reckless indifference to the plaintiff's civil rights.

### THIRD COUNT
**(Religious Discrimination In Violation of the CFEPA - C.G.S. §46a-60(a)(1))**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

56. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. Sec. 46a-60(a)(1) in one or more of the following ways.

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's religion;

   b. In that defendant treated the plaintiff adversely different from similarly situated employees on the basis of religion;

   c. In that defendant discriminated against the plaintiff on the basis of religion in such a way that it adversely affected his status as an employee;

   d. In that defendant discharged the plaintiff from employment on account of his religion;

   e. In that defendant intentionally discriminated against the plaintiff on the basis of religion.

57. As a direct and proximate result of defendant's violation of CFEPA, plaintiff suffered harms and losses.

58. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his religion.

59. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

60. As a further result of defendant's discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused

by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

61.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

62.     The defendant exhibited ill will, malice, improper motive and/or reckless indifference to the plaintiff's civil rights.

## FOURTH COUNT
### (National Origin Discrimination in violation of C.G.S. §46a-60(a)(1))

1.      Plaintiff repeats the allegations paragraphs 1 through 62 as if fully incorporated herein.

63.     Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1) in one or more of the following ways:

   a.   In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's national origin;

   b.   In that defendant treated the plaintiff adversely different from similarly situated employees on the basis of national origin;

   c.   In that defendant discriminated against the plaintiff on the basis of national origin in such a way that it adversely affected his status as an employee;

   d.   In that defendant discharged the plaintiff from employment on account of his national origin;

   e.   In that defendant intentionally discriminated against the plaintiff on the basis of national origin.

64. As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(7), plaintiff suffered harms and losses.

65. As a further result of defendant's discrimination, plaintiff sustained harms and losses including emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses suffered by Plaintiff due to Defendants' illegal discrimination and civil rights violations.

66. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

67. Defendant exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights by discriminating against him and terminating her on the basis of his national origin.

**DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, consequential damages; emotional distress; punitive damages; attorneys' fees; costs; interest; job reinstatement; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Dated:  June 3, 2015

_____
James V. Sabatini, Esq. ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

Case 3:15-cv-00861-JBA   Document 1   Filed 06/04/15   Page 13 of 15

EEOC Form 161-B (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Selami Szelil<br>99 Midfield Drive Apt 11<br>Waterbury, CT 06705 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2015-00008 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kenneth An*

**MAY 28 2015**

Enclosures(s)            Feng K. An,          *(Date Mailed)*
Area Office Director

cc:

ERMC PROPERTY MANAGEMENT CO.OF ILLINOIS LLC
6148 Lee Highway, Suite 300
Chattanooga, TN 37421

James V. Sabatini
Sabatini And Associates, LLC
Attorneys At Law-One Market Square
Newington, CT 06111-2992

# EXHIBIT 2

13

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Selami Dzelili
**COMPLAINANT**

CHRO No. 1530114

vs.

ERMC Property Mgmt. Co of Illinois, LLC
**RESPONDENT**

EEOC No. 16A-2015-00008

## **RELEASE OF JURISDICTION**

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

March 23, 2015
DATE

Tanya A. Hughes, Executive Director

cc: James V. Sabatini, Esq., via email: jsabatini@sabatinilaw.com
Stephanie Lee Hall, Vice President-Legal, via email: stephanie.hall@ermc2.com